IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher L Coleman, | C/A No. 0:25-cv-634-JFA-PJG |
| Petitioner, | |
| v. | **ORDER** |
| Warden Graham, | |
| Respondent. | |

Petitioner Christopher L. Coleman, a self-represented federal prisoner, filed this federal habeas corpus action pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the petition, the Magistrate Judge issued an order directing Petitioner to file the documents necessary to bring this case into proper form for the issuance and service of process. (ECF No. 5). The order warned Petitioner that his failure to comply with the order within the time permitted would subject his case to dismissal for failure to prosecute and for failure to comply with an order of the court under Rule 41 of the Federal Rules of Civil Procedure. Petitioner did not respond to the court's order and the deadline to do so has passed.

Thereafter, the Magistrate Judge prepared a thorough Report and Recommendation[1] ("Report"). (ECF No. 9). Within the Report, the Magistrate Judge opines that this matter

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this

should be summarily dismissed for Petitioner's failure to comply with a court order and failure to prosecute pursuant to Federal Rule of Civil Procedure 41. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on March 19, 2025. *Id.* The Magistrate Judge required Petitioner to file objections by April 2, 2025. *Id.* Petitioner failed to file objections. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioner has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Petitioner's Petition is subject to dismissal pursuant to Rule 41.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the

---

Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 9). Consequently, this action is dismissed without prejudice for failure to comply with court orders.

IT IS SO ORDERED.

May 21, 2025 Columbia,
South Carolina

Joseph F. Anderson, Jr.
United States District Judge